## ROBINSON v. STANDARD OIL CO. OF LOUISIANA.

### No. 1828.

Court of Appeal of Louisiana. First Circuit.
April 7, 1938.

238

T. M. Milling, A. M. Curtis, and R. B. Jennings, all of New Orleans, and M. J. Wilson and George M. Wallace, both of Baton Rouge, for appellant,

Laycock & Moyse, of Baton Rouge, and Spearing, McClendon, McCabe & Schmidt, of New Orleans, for appellee.

DORE, Judge.

Plaintiff instituted this suit to recover of the defendant the sum of $396; and as a cause of action she alleges that she was married to one Hardin Robinson on August 14, 1931; that said Hardin Robinson died on November 6, 1934; that said Hardin Robinson was an employee of the defendant and that as a part of said employment the said decedent was a member of the benefit plan for employees of defendant and at the time of his death was a member in good standing; that while in the employment of defendant, the deceased became disabled by sickness and was paid the sum of $33 per month, until his death; "and that under the benefit plan of said company, annuitants are covered by gratuitous death benefits amounting to twelve times the monthly allowance being paid at the time of his death to his widow living with or dependent upon him"; that she was not divorced or separated from her husband, Hardin Robinson, and that she was dependent to an extent in excess of 20 per cent. of the salary of her husband and is therefore entitled to said benefit of $396; that after the death of her husband she attempted to qualify as his widow in dependency under the benefit plan of defendant, but that defendant refused to permit her to qualify or to recognize her claim. She averred unavailing amicable demand. To which, defendant interposed an exception of no cause or right of action, and which was overruled; thereafter defendant filed an exception of vagueness and also a motion for oyer of the benefit plan. The exception of vagueness and the motion was denied. This exception and motion have now passed out of the case in that defendant does not complain of the ruling of the lower court thereon.

After which defendant filed its answer, admitting that decedent, Hardin Robinson, was an employee and that he had been granted a retirement allowance of $33 per month which had been paid him up to the time of his death, admitting amicable demand was made by plaintiff, but denying all the other allegations made.

Upon trial, there was judgment in favor of plaintiff as prayed for; defendant has appealed.

### Exception of no cause of action.

In this court, defendant complains of the lower court overruling its exception of no cause of action. It bases its contention for the maintaining of the exception on two grounds which will be considered in order. The first ground is that the benefit plan, operated by the company at its own expense for the benefit of its employees, as stated by the petition, is a mere gratuity or charity conferring on the employees and their dependents no legal rights which can be enforced by the courts. There is no merit in this contention as it is now well settled that a benefit plan offered by an employer at its own expense to its employees, when impliedly accepted by the employee through remaining in the employment, constitutes a contract between the employer and the employee, the service rendered by the employee being a sufficient consideration to support the promise of the employer to pay benefits. 39 C. J. page 248, paragraph 363(b).

The second ground on which the exception is based is that the petition does not allege that the committee in whose power the administration and interpretation of the plan is placed acted in bad faith or was guilty of fraud in refusing to recognize plaintiff's claim. The petition does allege that a demand was made on the defendant for the payment of the claim without avail, and which is admitted by defendant without qualification. No plea of prematurity was filed setting up a failure on the part of plaintiff to first exhaust her remedy before this committee, if there was such a committee.

The exceptor further contends that the rules adopted by the company for carrying out this plan provide for the appointment of a committee to operate the plan, which committee shall determine conclusively for all parties all questions arising in the administration, interpretation, and application of the plan. But the defendant company has not set up in its exception any facts to show, nor did it file with its exception a copy of the said rules, that such a committee has been appointed and who compose this committee. Therefore there is nothing on the face of the pleadings to show that the plaintiff is precluded from suing on the claim. The defendant has waived its rights to have the facts decided by a committee under the benefit plan by filing an exception of no cause of action which admits all facts well pleaded. The exception of no cause of action was therefore properly overruled.

### On the Merits.

The right of plaintiff to collect this death benefit must stand or fall on her claim as a beneficiary as fixed by the rules adopted under which the plan operated, and the situation as it existed at the time of the employee's death. These rules constitute the contract by which the plaintiff's rights against the company must be determined. If the plaintiff shows that she comes within the category of beneficiaries provided for death claimants in that part of the rules, undoubtedly she has a right to recover. From these rules it is obvious that she must meet the following conditions: (1) It must appear that the deceased employee did not prior to his death request the company to exclude her from the death benefit with the written approval of the company; (2) that she is the lawful widow of the deceased; (3) that she was living with or dependent upon the deceased for support at the time of his death to the extent of at least 20 per cent. of the amount which he was receiving.

On the first point, it is to be noted that there is no allegation in the petition that the deceased had not excluded plaintiff from the death benefit with the written approval of the company. However, if such was the case, that was a matter of defense to be set up by the company, as this fact, if such was the fact, was peculiarly within the knowledge of the company which had control of the operation of the plan and had possession of whatever written documents were necessary to make this condition applicable and effective. But the company has not set up any such plea, nor has it anywhere in the pleadings alleged that the deceased excluded his wife with its written approval, and substituted the son of the deceased, or any one else, in her place.

On the trial of the case, defendant offered in evidence a statement signed by the deceased with reference to his marital status and dependents for the information of the company in determining the matter of continuing the pension payments, one of these statements having been made only a month or so prior to the death of the deceased. On objection, the statements were excluded. It is contended by the defendant that these statements signed by the deceased are admissible for two purposes: First, to show by the statement of the deceased himself that he was not living with plaintiff and was not contributing to her support; and, second, to show that the deceased had excluded plaintiff from the death benefit.

These statements were admissible to show what the deceased said in these statements as to his status and his dependents, not as conclusive proof justifying the payment to some one else, but merely to be given such weight in determining the question of dependency and marital status as the circumstances might justify. The deceased was then receiving benefits and as one of the parties to the benefit plan, his written statement was relevant in fixing the status of the parties.

Of course, if these statements contained a request to the company to exclude plaintiff from the death benefit and substitute another in her place, such a request would be relevant as a defense. But, as already stated, no such a defense is set up and from the nature of the defense made it does not appear that the company intended to show that plaintiff had been excluded by the deceased with its written approval, as the officers of the company admit that plaintiff would be entitled to the benefits if she could show that she was living with her husband or was dependent on him for support to the extent of at least 20 per cent. of his pay.

We are therefore of the opinion that the admission of the written statements of the deceased is of sufficient importance in showing his status with his wife and her dependency to justify remanding the case for the purpose of admitting these statements in evidence with the right of plaintiff to offer such rebuttal testimony in connection with said statements as may be legal and proper.

For these reasons assigned, it is ordered that the judgment appealed from be and the same is hereby reversed and set aside, and the case is hereby remanded for the purpose therein stated, all costs to await the final termination of the case.